1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    STEVE WILHELM,                              No.  2:20-CV-01682-DMC-P

12                    Plaintiff,

13           v.                                    <u>ORDER</u>

14    SANDARD AUNG, et al.,

15                    Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.   Pending before the Court is Plaintiff's original complaint. <u>See</u> ECF No. 1.

19           The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                           **I.  PLAINTIFF'S ALLEGATIONS**

8          Plaintiff is a 70-year-old prisoner incarcerated at Mule Creek State Prison

9   ("MCSP"). ECF No. 1 at 1. Defendants, Dr. Sandar Aung and Dr. W. Vaughn, are medical

10  doctors at MCSP. Id. at 2. Plaintiff alleges that Dr. Aung and Dr. Vaughn showed deliberate

11  indifference to his serious medical needs in violation of the Eighth Amendment to the United

12  States Constitution. Id. at 3–5.

13         Plaintiff contends that he had several medical appointments with Dr. Aung from

14  May 2018 to December 2019, all of which primarily concerned foot pain. Id. at 3. At each

15  appointment, Plaintiff complained of foot pain brought on by ill-fitting, state-issued boots that he

16  was required to wear to work in MCSP's vocational programs. Id. Plaintiff complained to Dr.

17  Aung that the inadequate boots were two sizes too wide, caused painful lumps on his heels, and

18  exacerbated underlying degenerative disease of the spine and arthritis in his back. Id. at 4. Dr.

19  Aung denied Plaintiff's written request to see a podiatrist. Id. And although Dr. Aung scheduled

20  Plaintiff an appointment with a podiatrist after Plaintiff complained of foot problems to a prison

21  nurse, Dr. Aung subsequently cancelled the appointment and would only prescribe pain

22  medication that did not resolve Plaintiff's condition. Id. at 3–4.

23         Dr. Aung, on multiple occasions, recommended that Plaintiff buy lifts or soft shoes

24  from the inmate package catalogue. Id. But Plaintiff always explained to her that lifts are not

25  available for purchase in the catalogue and that he could not wear soft shoes because he was

26  required to wear boots to continue working his assignments to MCSP's welding and maintenance

27  vocational programs. Id. Because of Dr. Aung's failure to schedule Plaintiff an appointment with

28  a podiatrist or adequately address his foot pain, Plaintiff dropped out of the welding and

                                          2

1    maintenance programs because both required him to stand on his feet all day and he could not

2    tolerate the pain. ECF No. 1 at 3-4. Plaintiff's foot pain accordingly went unresolved and he

3    contends that Dr. Aung was deliberately indifferent by ignoring his serious and enduring medical

4    condition. Id.

5            Plaintiff further alleges that Dr. Vaughn, MCSP's Chief Physician and Surgeon,

6    also exhibited deliberate indifference to Plaintiff's serious medical need by denying Plaintiff's

7    appeal of Dr. Aung's decisions. Id.

8

9                                    **II.  DISCUSSION**

10            Plaintiff's complaint is sufficient to state a claim against Dr. Aung for deliberate

11    indifference to Plaintiff's serious medical needs. Plaintiff does not, however, make sufficient

12    factual allegations to state a cognizable claim against Dr. Vaughn.  The Court will provide

13    Plaintiff an opportunity to amend his complaint.

14            The treatment a prisoner receives in prison and the conditions under which the

15    prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

16    and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

17    511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of

18    dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

19    (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

20    Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

21    "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

22    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

23    two requirements are met: (1) objectively, the official's act or omission must be so serious such

24    that it results in the denial of the minimal civilized measure of life's necessities; and (2)

25    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

26    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

27    official must have a "sufficiently culpable mind."  See id.

28    / / /

3

1           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

2   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

3   see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

4   needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

5   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

6   injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050,

7   1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

8   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

9   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

10  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

11  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12          The requirement of deliberate indifference is less stringent in medical needs cases

13  than in other Eighth Amendment contexts because the responsibility to provide inmates with

14  medical care does not generally conflict with competing penological concerns.  See McGuckin,

15  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

16  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

17  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

18  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

19  treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

20  Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

21  that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

22          Negligence in diagnosing or treating a medical condition does not, however, give

23  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

24  difference of opinion between the prisoner and medical providers concerning the appropriate

25  course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

26  90 F.3d 330, 332 (9th Cir. 1996).

27  / / /

28  / / /

4

Plaintiff's allegations against Dr. Aung satisfy the screening process.  To her credit, Dr. Aung ostensibly followed up on Plaintiff's requests for consultations and prescribed him with pain medication.  Her alleged failure, nevertheless, to address Plaintiff's ongoing foot pain, and Plaintiff's lack of alternative recourse, is at least enough to meet the less stringent deliberate indifference standard in medical needs contexts.  Plaintiff complained on multiple occasions about ill-fitting, state-provided boots, significant foot pain, and lumps on his heels that exacerbated serious underlying degenerative ailments and made it difficult to fulfill his vocational duties.  Yet, Dr. Aung regularly gave Plaintiff advice that she had reason to know was not suitable for Plaintiff's case; Plaintiff routinely told Dr. Aung that he did not have access to lifts and could not wear softer shoes and continue in the welding or maintenance programs.  Taking Plaintiff's allegations as true, a reasonable doctor would likely have thought Plaintiff's plain worthy of further comment.  Plaintiff's pain is allegedly chronic and substantial, and Dr. Aung's failure to investigate it beyond prescribing ineffective pain medication significantly impacted Plaintiff's daily quality of life, forcing him to drop out of his vocational programs when he could no longer tolerate the pain of having to be on his feet.  Dr. Aung's alleged disregard of Plaintiff's inability to follow her advice, combined with her refusal to schedule and then ultimate cancellation of an appointment for Plaintiff with a podiatrist, suggests a failure to treat that resulted in unnecessary, wanton infliction of pain and aggravation of other serious ailments.

Plaintiff's allegations against Dr. Vaughn, however, do not state a cognizable claim for deliberate indifference to serious medical needs contrary to the Eighth Amendment.  Prisoners do have a First Amendment right to petition the government for redress of grievances, so *interference* with the grievance process may, in certain circumstances, implicate the First Amendment.  See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  But there are no constitutional requirements regarding how a grievance system is operated; the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The denial, rejection, or cancellation of a grievance

1  does not violate any constitutionally protected right.  See, e.g., Armenta v. Burns, No. 1:20-cv-

2  00968-BAM (PC), 2020 WL 5816499, at *3 (E.D. Cal. Sept. 30, 2020); Rushdan v. Gear, No.

3  1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).

4        Simply linking Dr. Vaughn to the denial of an administrative appeal and making

5  conclusory allegations that he was deliberately indifferent to a serious medical need in denying

6  the appeal does not plausibly demonstrate that he violated the Eighth Amendment.  Plaintiff's

7  complaint contains no grounds indicating that Dr. Vaughn's denial of Plaintiff's appeal was

8  anything more than an administrative decision. Without more, Dr. Vaughn's alleged actions do

9  not violate the Eighth Amendment. Because additional factual allegations might give rise to a

10  cognizable claim, however, amendment is appropriate.

11

12                          **III.  CONCLUSION**

13        Because it is possible that the deficiencies identified in this order may be cured by

14  amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

15  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

16  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

17  1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the

18  prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An

19  amended complaint must be complete in itself without reference to any prior pleading.  See id.

20        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

21  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

22  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

23  each named defendant is involved, and must set forth some affirmative link or connection

24  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

25  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26  / / /

27  / / /

28  / / /

1    Because the complaint appears to otherwise state cognizable claims, if no amended

2    complaint is filed within the time allowed therefor, the Court will issue findings and

3    recommendations that the claims identified herein as defective be dismissed, as well as such

4    further orders as are necessary for service of process as to the cognizable claims.

5    Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended

6    complaint within 30 days of the date of service of this order.

7

8

9    Dated:  November 2, 2020

10   _____
     DENNIS M. COTA
11   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28