IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDARD AUNG, et al.,<br><br>　　　　Defendants. | No.  2:20-CV-1682-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint.  See ECCF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On November 3, 2020, the Court issued an order addressing Plaintiff's complaint. See ECF No. 9.  The Court summarized Plaintiff's allegations as follows:

> Plaintiff is a 70-year-old prisoner incarcerated at Mule Creek State Prison ("MCSP"). ECF No. 1 at 1. Defendants, Dr. Sandar Aung and Dr. W. Vaughn, are medical doctors at MCSP. Id. at 2. Plaintiff alleges that Dr. Aung and Dr. Vaughn showed deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Id. at 3–5.
> Plaintiff contends that he had several medical appointments with Dr. Aung from May 2018 to December 2019, all of which primarily concerned foot pain. Id. at 3. At each appointment, Plaintiff complained of foot pain brought on by ill-fitting, state-issued boots that he was required to wear to work in MCSP's vocational programs. Id. Plaintiff complained to Dr. Aung that the inadequate boots were two sizes too wide, caused painful lumps on his heels, and exacerbated underlying degenerative disease of the spine and arthritis in his back. Id. at 4. Dr. Aung denied Plaintiff's written request to see a podiatrist. Id. And although Dr. Aung scheduled Plaintiff an appointment with a podiatrist after Plaintiff complained of foot problems to a prison nurse, Dr. Aung subsequently cancelled the appointment and would only prescribe pain medication that did not resolve Plaintiff's condition. Id. at 3–4.
> Dr. Aung, on multiple occasions, recommended that Plaintiff buy lifts or soft shoes from the inmate package catalogue. Id. But Plaintiff always explained to her that lifts are not available for purchase in the catalogue and that he could not wear soft shoes because he was required to wear boots to continue working his assignments to MCSP's welding and maintenance vocational programs. Id. Because of Dr. Aung's failure to schedule Plaintiff an appointment with a podiatrist or adequately address his foot pain, Plaintiff dropped out of the welding and maintenance programs because both required him to stand on his feet all day and he could not tolerate the pain. Id. Plaintiff's foot pain accordingly went unresolved and he contends that Dr. Aung was deliberately indifferent by ignoring his serious and enduring medical condition. Id.
> Plaintiff further alleges that Dr. Vaughn, MCSP's Chief Physician and Surgeon, also exhibited deliberate indifference to Plaintiff's serious medical need by denying Plaintiff's medical appeal of Dr. Aung's decisions. Id.

ECF No. 9, pgs. 2-3.

/ / /

/ / /

The Court determined Plaintiff's complaint states a claim against Defendant Aung for deliberate indifference to Plaintiff's serious medical needs. See id. at 3. The Court, however, concluded the complaint fails to state a claim against Defendant Vaughn. See id. The Court held:

> The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.
>
> Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
>
> The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.
>
> Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of

treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's allegations against Dr. Aung satisfy the screening process. To her credit, Dr. Aung ostensibly followed up on Plaintiff's requests for consultations and prescribed him with pain medication. Her alleged failure, nevertheless, to address Plaintiff's ongoing foot pain, and Plaintiff's lack of alternative recourse, is at least enough to meet the less stringent deliberate indifference standard in medical needs contexts. Plaintiff complained on multiple occasions about ill-fitting, state-provided boots, significant foot pain, and lumps on his heels that exacerbated serious underlying degenerative ailments and made it difficult to fulfill his vocational duties. Yet, Dr. Aung regularly gave Plaintiff advice that she had reason to know was not suitable for Plaintiff's case; Plaintiff routinely told Dr. Aung that he did not have access to lifts and could not wear softer shoes and continue in the welding or maintenance programs. Taking Plaintiff's allegations as true, a reasonable doctor would likely have thought Plaintiff's plain worthy of further comment. Plaintiff's pain is allegedly chronic and substantial, and Dr. Aung's failure to investigate it beyond prescribing ineffective pain medication significantly impacted Plaintiff's daily quality of life, forcing him to drop out of his vocational programs when he could no longer tolerate the pain of having to be on his feet. Dr. Aung's alleged disregard of Plaintiff's inability to follow her advice, combined with her refusal to schedule and then ultimate cancellation of an appointment for Plaintiff with a podiatrist, suggests a failure to treat that resulted in unnecessary, wanton infliction of pain and aggravation of other serious ailments.

Plaintiff's allegations against Dr. Vaughn, however, do not state a cognizable claim for deliberate indifference to serious medical needs contrary to the Eighth Amendment. Prisoners do have a First Amendment right to petition the government for redress of grievances, so *interference* with the grievance process may, in certain circumstances, implicate the First Amendment. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). But there are no constitutional requirements regarding how a grievance system is operated; the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. See, e.g., Armenta v. Burns, No. 1:20-cv-00968-BAM (PC), 2020 WL 5816499, at *3 (E.D. Cal. Sept. 30, 2020); Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).

Simply linking Dr. Vaughn to the denial of an administrative appeal and making conclusory allegations that he was deliberately indifferent to a serious medical need in denying the appeal does not plausibly demonstrate that he violated the Eighth Amendment. Plaintiff's complaint contains no grounds indicating that Dr. Vaughn's denial of Plaintiff's appeal was anything more than an administrative decision. Without more, Dr. Vaughn's alleged actions do not violate the Eighth Amendment. Because additional factual allegations might give rise to a cognizable claim, however, amendment is appropriate.

ECF No. 9, pgs. 3-6.


Plaintiff was provided an opportunity to file an amended complaint and cautioned that failure to do so within the time provided would result in findings and recommendations that his claims against Defendant Vaughn be dismissed.  See ECF No. 9, pg. 6.  Plaintiff has not filed a first amended complaint within the time provided and the Court now recommends dismissal of Defendant Vaughn for the reasons explained in the Court's November 3, 2020, order.  By separate order issued herewith, the Court directs service on Defendant Aung.

Based on the foregoing, the undersigned recommends that Defendant Vaughn be dismissed and that this action proceed on Plaintiff's original complaint against Defendant Aung only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE