IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>  Plaintiff,<br><br>  v.<br><br>SANDARD AUNG,<br><br>  Defendant. | No.  2:20-CV-01682-WBS-DMC-P<br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 27.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends the appointment of counsel is warranted because: (1) he is unable to afford to retain counsel; (2) he is incarcerated; and (3) a trial on the merits will likely involve conflicting testimony. See ECF No. 27. These are common circumstances among inmates litigating in federal court and, as such, are not exceptional circumstances justifying the appointment of counsel. A review of the docket reflects that Plaintiff has thus far been able to articulate his claims adequately on his own, and Plaintiff has not made any showing that he is likely to succeed on the merits. Finally, the legal and factual issues in this case, in which Plaintiff claims medical indifference against a single defendant, are not complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 27, is denied.

Dated:  September 29, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2